■ CAROL WW., Individually and as Parent and Natural Guardian of MICHAEL WW. and Another, Infants, Appellant, v GEORGE STALA, Defendant, and CHRISTINE FECKO, as President of the Student Association of the State University of New York at Binghamton, et al., Respondents. [627 NYS2d 136] —Mercure, J. Appeal from an order of the Supreme Court (Coutant, J.), entered January 12, 1994 in Broome County, which granted motions by defendants Christine Fecko and Zubeir Jaffer for summary judgment dismissing the complaint against them.

Plaintiff commenced this action to recover for damages arising out of defendant George Stala's alleged sexual contact with her two sons. She appeals Supreme Court's order dismissing the complaint against defendants Christine Fecko and Zubeir Jaffer (hereinafter collectively referred to as defendants), and we affirm. Plaintiff's claim of liability against defendants is based upon their service, respectively, as president of the Student Association and of the Student Volunteer Service (hereinafter SVS) of the State University of New York at Binghamton. The Student Association, whose members include all registered undergraduate students at the university, is responsible, among other things, for the chartering and funding of student organizations. In 1974, it chartered the SVS as a student organization to serve as a liaison between university students and agencies and individuals desiring volunteer assistance. The SVS in turn sponsored the Connection (also referred to as "Big Buddy") Program, similar in function to the well-known Big Brothers and Big Sisters organization, which matched student volunteers with area children.

Stala participated in the Connection Program and was matched with two boys prior to his withdrawal from the university in May 1987. One of Stala's "matches" lived in the same apartment complex as plaintiff's children. In August

1987, Stala went to that site and lured children (including plaintiff's sons) away from the premises and then subjected them to sexual contact. There is no evidence in the record that any of the children involved in the August 1987 incident participated in the Connection Program or that Stala's contact with them on that date was precipitated or facilitated by either of his "matches" or any other program participant, although one of the boys involved in the incident (not one of plaintiff's sons) indicated that he originally met Stala through one of Stala's "matches".

Although plaintiff's brief focuses on SVS' asserted failure to adequately screen Stala and to ascertain his "dangerous propensities", we agree with Supreme Court that the dispositive issue is whether defendants owed any duty to plaintiff or her sons. Fundamentally, a duty of care extends only to those individuals who are within "the orbit of the danger as disclosed to the eye of reasonable vigilance" *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 343). "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension" *(supra,* at 344). Thus, in order to obtain recovery as a result of defendants' alleged negligence, it was incumbent upon plaintiff to show that their acts as to her and her children "had possibilities of danger so many and apparent as to entitle [them] to be protected against the doing of [those acts]" *(supra,* at 345).

While it may be that defendants owed a duty of care to the children who had been matched with Stala (an issue that need not be considered here), we cannot accept plaintiff's extension of that duty to encompass every child who might happen to come in contact with Stala through one of his "matches" *(see, Eiseman v State of New York,* 70 NY2d 175, 187-188; *Waters v New York City Hous. Auth.,* 69 NY2d 225, 228-230). Moreover, plaintiff's children are not encompassed within even that class. As children who were introduced to Stala by a child who in turn came in contact with Stala as a result of one of his matches, their relationship is a full step further removed. Recognizing our obligation to "tailor our notion of duty so that 'the legal consequences of wrongs [are limited] to a controllable degree' " *(Waters v New York City Hous. Auth., supra,* at 229, quoting *Tobin v Grossman,* 24 NY2d 609, 619; *see, Eiseman v State of New York, supra,* at 187), we conclude that Supreme Court properly dismissed the complaint against the moving defendants.

The parties' further contentions have either been considered

and found to lack merit or need not be considered in view of our determination on the merits.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur.
Ordered that the order is affirmed, without costs.